**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH BAGALA,<br><br>        Plaintiff,<br><br>        v.<br><br>A1 COLLECTION SERVICE,<br><br>        Defendant. | Civil Action No. 15-8329 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter arises from a single piece of correspondence that Defendant A1 Collection Service ("Defendant") sent to Plaintiff Elizabeth Bagala ("Plaintiff") regarding the collection of $410.00 of consumer debt. In the Complaint, Plaintiff alleges that this correspondence violated both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (1977) ("FDCPA"), and the Truth-in-Consumer Contract, Warranty and Notice Act., N.J.S.A. 56:12-14 (1981) ("NJTCCA"). (*See generally* Compl., ECF No. 1-2.) This matter comes before the Court on Defendant's unopposed motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 4.) The Court has carefully considered Defendant's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Defendant's motion.

I.  **Background**

On March 31, 2014, Defendant sent Plaintiff correspondence regarding a debt of $410.00 that Plaintiff owed to a third-party, Princeton Emergency Physicians. (Compl. 3[1]; Def.'s Mot. to Dismiss, Ex. 1 ("Collection Letter"), ECF No. 4-1.) The Collection Letter stated that Plaintiff had thirty days to dispute the validity of the debt before Defendant would presume the debt valid. (Collection Letter.) Plaintiff initially brought suit in state court, claiming that the size and location of the text outlining Plaintiff's rights violated the FDCPA and NJTCCA's notice requirements. (Compl. 3-5.) Specifically, Plaintiff asserts that her rights "were outlined in such a way to not be clear, obvious and conspicuous to [Plaintiff] and that text containing those rights are [sic] smaller than other text in the letter and position [sic] in such a way as to be confusing and misleading to [Plaintiff]." (*Id.* at 3.) Plaintiff also claims that by sending the Collection Letter, Defendant violated N.J.S.A. 56:12-14 because the Collection Letter was an inaccurate and deceptive communication from a debt collector. (*Id.* at 3-5.) Asserting that there is federal question jurisdiction, on November 30, 2015, Defendant removed the case to this Court. (Notice of Removal ¶ 5, ECF No. 1.) Thereafter, Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

II.  **Legal Standard**

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual

---

[1] Because multiple paragraphs in the Complaint have the same numbers and the Complaint does not include page numbers, the Court will refer to the ECF page numbers.

allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). Notably, Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

### III. Analysis

In its motion to dismiss, Defendant argues that: (1) Plaintiff's FDCPA claim is barred by the one-year statute of limitations; (2) the form of Defendant's letter did not overshadow or contradict the text outlining Plaintiff's rights; and (3) the NJTCCA does not apply to collection agencies such as Defendant. (Def.'s Moving Br. 8-14, ECF No. 4.)

#### A. FDCPA Claim Barred by Statute of Limitations

In the Complaint, Plaintiff asserts that Defendant violated the FDCPA by not properly setting forth her rights in the Collection Letter. (Compl. 4.) Plaintiff, however, filed the Complaint in the Superior Court of New Jersey on November 9, 2015, which was more than eighteen months after Defendant sent the Collection Letter. (*Id.* at 4, 7.) Section 1692k(d) of the FDCPA states that a claimant can bring a civil action under the Act "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The Third Circuit has held that "[w]hen reviewing a

Rule 12(b)(6) dismissal on statute of limitations grounds, we must determine whether 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975) (emphasis omitted).) Because Plaintiff alleges that she filed her Complaint more than eighteen months after receiving the Collection Letter, Plaintiff's claim is barred by the FDCPA's one-year statute of limitations.[2]

### B.   NJTCCA is Inapplicable to Defendant

The NJTCCA prohibits "seller[s], lessor[s], creditor[s], lender[s] [and] bailee[s]" from, inter alia, offering consumers notices that violate the rights established for consumers under state or federal law. N.J.S.A. 56.12-14. Here, Plaintiff has not alleged that Defendant is a "seller, lessor, creditor, lender or bailee" within the meaning of the NJTCCA. *Id.* While Plaintiff makes the conclusory allegation that Defendant "is a Creditor as defined in the Fair Debt Collection Practices Act . . ." (Compl. 3), she has not alleged that the definition of "creditor" under the FDCPA is the same as under the NJTCCA. Moreover, in *Barrows v. Chase Manhattan Mortgage Corp.*, another court in this district found that a party that merely facilitates the payment of a consumer debt to another party is not a "creditor" under the NJTCCA. 465 F. Supp. 2d 347, 363 (D.N.J. 2006). Noting that "Black's Law Dictionary defines 'creditor' as 'one to whom a debt is owed; one who gives credit for money or goods," the Honorable Noel L. Hillman, U.S.D.J., found that the defendant law firm was not plaintiff's "creditor" under the NJTCCA because plaintiff did not owe a debt directly to the defendant law firm. *Id.* Likewise, because Plaintiff here has not

---

[2] Having found that Plaintiff's FDCPA claim is barred by the statute of limitations, the Court does not address Defendant's additional arguments as to the merits of the FDCPA claim.

alleged that she owed a debt directly to Defendant, she has not alleged that Defendant was acting as a "creditor" as defined by the NJTCAA.  Thus, Plaintiff has failed to state a claim for relief under the NJTCCA.

## IV.  Conclusion

For the reasons set forth above, Defendant's motion to dismiss is granted.  An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: July 20, 2016